IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATH NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV187 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, DR. RANDY KOHL, BARBARA LEWEIN, CURT WEES, OMAHA CORR. CNTR. MEDICAL STAFF, including and all other unnamed John and Jane Does known and unknown, D. SMALL, C. SCHMOKER, DR. KATHLEEN OGDEN, M. ANTLEY, and M. WESLEY, | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

After initial review of Plaintiff's Complaint, the court ordered that two of Plaintiff's claims may proceed to service of process against defendants Frakes, Kohl, Lewein, Wees, Small, Schmoker, Ogden, Antley, and Wesley in their individual capacities (the "individual defendants"), in addition to unidentified members of the Omaha Correctional Center ("OCC") medical staff, in their individual capacities, who had direct involvement in Plaintiff's post-surgery treatment: (1) deliberate indifference to Plaintiff's serious medical needs; and (2) negligence under state law. (Filing No. 11 at CM/ECF pp. 10-12.) Summonses have been returned executed upon all of the identified individual defendants except defendant Small. (Filing Nos. 14-22.)

The individual defendants (except defendant Small) have filed a Motion to Dismiss (Filing No. 29) pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this court lacks subject-matter jurisdiction over Plaintiff's state-law negligence claim. Plaintiff

has filed an Objection (Filing No. 31) to the defendants' motion, as well as a Motion for Default Judgment (Filing No. 34) against all defendants for failure to file answers to Plaintiff's Complaint.

### *State-Law Negligence Claim*

The individual defendants move to dismiss Plaintiff's state-law negligence claim pursuant to the Nebraska State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209, *et seq.*, which provides in part: "The State of Nebraska shall not be liable for the torts of its . . . employees, and no suit shall be maintained against the . . . employee . . . on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act. The Legislature further declares that it is its intent and purpose through such act to provide uniform procedures for the bringing of tort claims against . . . an employee of the state and that the procedures provided by such act shall be used to the exclusion of all others." § 81-8,209. A "tort claim" under the Act is "any claim against an employee of the state for money only on account of . . . personal injury . . . caused by the negligent or wrongful act or omission of the employee while acting within the scope of his or her employment." § 81-8,210(4).

Because Plaintiff's claims are based on actions taken by prison officials during the course and scope of their employment, the Nebraska State Tort Claims Act bars Plaintiff's negligence claim against such officials in their individual capacities. *See Bohl v. Buffalo County*, 557 N.W.2d 668 (Neb. 1997) (if off-duty police officer was acting within scope of employment, Tort Claims Act would apply and bar suit against officer in his individual capacity); *Bojanski v. Foley*, 798 N.W.2d 134, 144 (Neb. App. 2011) (State Tort Claims Act provides immunity when defendant is sued in his individual capacity, but is acting within the scope of his employment or office, unless such immunity has been waived); *Kruger v. Nebraska*, 90 F. Supp. 3d 874, 881 (D. Neb. 2015), *aff'd*, 820 F.3d 295 (8th Cir. 2016) (whether plaintiff could assert state-law negligence claims against state correctional officers in their individual capacities depended upon whether defendants' tortious conduct occurred while defendants were

acting within scope of their employment; if defendants acted within scope of their employment, plaintiff "would have had to comply with the requisites set out in the State Tort Claims Act"; because parties did not dispute that actions were taken within scope of defendants' employment, court dismissed claims against defendants in their individual capacities); *Guerry v. Frakes*, No. 8:15CV323, 2016 WL 4991501, at *3 (D. Neb. Sept. 16, 2016) (pursuant to State Tort Claims Act, state-law claims against prison officials in their individual capacities dismissed because plaintiff's claims were based on conduct occurring during the course and scope of their employment).

Therefore, Plaintiff's state-law negligence claims against the defendants in their individual capacities will be dismissed without prejudice.

### *Motion for Default Judgment*

Plaintiff has filed a Motion for Default Judgment (Filing No. 34) because the defendants have not yet filed an answer. Plaintiff's motion shall be denied because the defendants have filed a timely Motion to Dismiss (Filing No. 29) prior to filing an answer, as they are required to do by Fed. R. Civ. P. 12(b).

IT IS ORDERED:

1. Defendant Small is dismissed from this matter without prejudice for Plaintiff's failure to complete service of process before the time deadline set forth in the court's prior order (Filing No. 11).

2. The Motion to Dismiss (Filing No. 29) Plaintiff's state-law negligence claim filed by defendants Frakes, Kohl, Lewein, Wees, Schmoker, Ogden, Antley, and Wesley in their individual capacities is granted, and such claim is dismissed without prejudice to reassertion in state court.

    3.    Plaintiff's Objection (Filing No. 31) to the defendants' Motion to Dismiss is denied.

    4.    Plaintiff's Motion for Default Judgment (Filing No. 34) is denied.

DATED this 7th day of December, 2016.

                        BY THE COURT:
                        s/ *Richard G. Kopf*
                        Senior United States District Judge